IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **THERON RILEY, JR.,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 22-00357-JB-B |
| | * |
| **CALVIN SHAW,** *et al.*, | * |
| | * |
| Defendants. | * |

**REPORT AND RECOMMENDATION**

This action is before the Court for review. Plaintiff Theron Riley, Jr., an Alabama state prison inmate, filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1). When he initiated this action, Riley did not pay the filing fee and did not file a motion to proceed without prepayment of fees ("IFP motion"). Accordingly, on October 5, 2022, the Court ordered Riley to either pay the $402.00 filing fee or file an IFP motion by November 4, 2022. (Doc. 2 at 1). The Court directed the Clerk to send Riley a copy of this Court's IFP motion form. (Id. at 2). The Court warned Riley that failure to comply with the order within the prescribed time, or failure to notify the Court immediately of a change in his address, would result in the dismissal of this action for failure to prosecute and obey the Court's order. (Id. at 1-2).

The Court's order was mailed to Riley at the Elmore Correctional Facility address listed on his complaint (see Doc. 1 at 1, 7, 11), and it has not been returned to the Court as undeliverable. However, Riley has neither filed an IFP motion nor paid the filing fee to date, despite being ordered to do so no later than November 4, 2022.

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned,

2

generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

As noted previously, Riley has made no apparent attempt to comply with the Court's order directing him to either file an IFP motion or pay the filing fee by November 4, 2022. Nor has Riley explained his failure to comply with the Court's order, indicated that he is unable to comply, or sought additional time within which to comply. Riley's lack of response suggests that he has lost interest in and abandoned the prosecution of this action. In light of Riley's failure to prosecute this action and failure to obey this Court's order by timely filing an IFP motion or paying the filing fee, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) and this Court's inherent authority, as it appears no lesser sanction will suffice.[1]

If Riley disputes the finding that he failed to comply with the Court's order directing him to file an IFP motion or pay the filing fee, he must set forth in an objection to this report and recommendation the reasons for his failure to file an IFP motion

---

[1] The Court notes that Riley complains of acts or omissions that occurred in July and August 2022. (See Doc. 1 at 4-5, 8). In Alabama, the statute of limitations for filing a § 1983 action is two years. Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, under the circumstances, dismissal of this action without prejudice would not be tantamount to dismissal with prejudice, because Riley would have the ability to refile his claims prior to the expiration of the statute of limitations.

or pay the filing fee. See Wilson v. Sargent, 313 F.3d 1315, 1321 (11th Cir. 2002) (finding that allowing objections to a magistrate judge's report and recommendation is an acceptable means of ascertaining the steps taken by a prisoner to comply with an order to pay a partial filing fee).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made,

4

state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **17th** day of **November, 2022.**

/S/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**